UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                              :

UNITED STATES OF AMERICA,          :

                - v. -                                         :    10 Civ. 5230 (KMK)

THE ESTATE OF BEN H. NOVACK, JR.,  :

              Defendants in Rem.              :

------------------------------------------------------------------ x


# MEMORANDUM OF LAW OPPOSING
# DISMISSAL FOR FAILURE TO PROSECUTE


                                                    PREET BHARARA
                                                    United States Attorney for the
                                                    Southern District of New York
                                                    300 Quarropas Street
                                                    White Plains, New York 10601


Jeffrey Alberts
Assistant United States Attorney
      -Of Counsel-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                                   :
UNITED STATES OF AMERICA,                                          :
                                                                   :
         - v. -                                        :    10 Civ. 5230 (KMK)
                                                                   :
THE ESTATE OF BEN H. NOVACK, JR.,                                  :
                                                                   :
         Defendants in Rem.                                 :
                                                                   :
                                                                   :
------------------------------------------------------------------ x

## MEMORANDUM OF LAW OPPOSING
## DISMISSAL FOR FAILURE TO PROSECUTE

### PRELIMINARY STATEMENT

      The Government respectfully submits this memorandum of law in response to the Court's Order, dated September 13, 2013, directing the Government to show cause why this case should not be dismissed for failure to prosecute. As set forth below, there is no basis for the Court to impose the extreme remedy of dismissing this action for failure to prosecute under Rule 41(b). Moreover, were there any need for such a sanction, which there is not, it is moot because the Government has voluntarily dismissed this case under Rule 41(a)(1)(A)(i).

### BACKGROUND

      On July 8, 2010, the Government commenced this action, upon the filing of a verified complaint (the "Complaint"), seeking forfeiture of, among other things, the Estate of Ben H. Novack, Jr., including but not limited to the following:

      a.    The Batmobile, a custom-designed 1977 Lincoln, VIN #7Y81A911224;
      b.    All right, title and interest in real property located at 2757 NE 37th DR, Fort Lauderdale, Forida 33308, with all improvements, appurtenances, and attachments thereon;

    c.        All right, title and interest in real property located at 2437 Delmar Pl, Fort Lauderdale, Florida 33301, with all improvements, appurtenances, and attachments thereon;

    d.        All right, title and interest in real property located at 2501 Delmar Pl, Fort Lauderdale, Florida 33301, with all improvements, appurtenances, and attachments thereon;

    e.        Merrill Lynch Account # 54C-11307 in the name of Ben H. Novack, Jr.;

    f.        Merrill Lynch Account # 54C-11310 in the name of the Estate of Bernice Novack;

    g.        Comerica Bank Account # 8053009646 in the name of the Estate of Ben H. Novack, Jr.;

    h.        Comerica Bank Account # 8053009778 in the name of the Estate of Bernice Novack;

    i.        UBS Account # GO 27062 FL in the name of Ben Novack, Jr., Beneficiary of Bernice S. Novack;

    j.        Bank of America Account # 0036 6076 1760 in the name of Novack Enterprises Inc., d/b/a Convention Concepts Unlimited;

    k.        One 1957 Ford Thunderbird, VIN: D7FH390107;

    l.        One 1962 Ford two door coupe, VIN: 2Y89Z164852;

    m.        One 1974 Ford two door coupe, VIN: 4J87A132656;

    n.        One 1970 Jaguar XK E Series II, VIN: 1R14427;

    o.        One 1988 Jaguar XJ SC V 12, VIN: SAJNA3849JC143672;

    p.        One 1992 Jaguar XJ SC V 12, VIN: SAJNW4846NC185553;

    q.        One 1995 Mercedes Benz S 320, VIN: WDBGA32E58A264400;

    r.        One 1996 Infinity I 30, VIN: JNKCA21D5TT006899;

    s.        One 2004 Cadillac Escalade EXT AWD, VIN: 3GYEK62N64G149813;

    t.        One Honda Scooter, TAG Number: 45989J;

    u.        One vessel named "White Lightning," Hull ID # CRM 22151 E889;

    v.        One 35' Barge with two-level wood deck, License # FL0754KP; and

    w.        Various items of Batman memorabilia, including figurines, comic books, and other collectibles located at:  Best Florida Storage, Units 0A200 and 0A156, 2290 Northwest 19th Street, Fort Lauderdale, Florida, 33311; 2437 Delmar Place, Fort Lauderdale, Florida 33301; and 2501 Delmar Place, Fort Lauderdale, Florida 33301.

        On July 9, 2010, Douglas F. Hoffman was appointed personal representative of the estate of Ben H. Novack, Jr. by the Circuit Court for Broward County, Florida.  Douglas F. Hoffman also is the personal representative of the estate of Bernice Novack (together with the

estate of Ben H. Novack, Jr., the "Novack Estates"), which includes certain property that the Government seeks to forfeit in the Complaint.

On July 5, 2011, the Government and Douglas F. Hoffman jointly requested entry of an order that would allow Hoffman to continue to act to preserve the value of certain property at issue in this action.  On July 6, 2011, the Court entered the Post-Complaint Consensual Restraining Order (the "Consensual Restraining Order").  Among other things, the Consensual Restraining Order authorized Hoffman to sell assets of the Novack Estates and adjourned for Hoffman the time within which any claim must be filed under Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  The Court's adjournment of the filing deadline is still in effect.

## ARGUMENT

The Court should not dismiss this case for failure to prosecute.  Dismissal under Rule 41(b) "is a harsh remedy and is appropriate only in extreme situations." *Lucas* v. *Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Alvarez* v. *Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir.1988)).  This case is not such a situation.  To the contrary, the Government's decision not to move for default judgment, which was the only action it could take to move this case forward in the absence of any forfeiture claim, was reasonable in light of the pending criminal action *United States* v. *Narcisa Novack, et al.*, 10 Cr. 602, in which the Government sought the forfeiture of the Defendants in Rem.  Moving for default judgment would have forced potential claimants to actively litigate in this action, which would have needlessly wasted the assets available to the Government and the Novack Estates and pointlessly taken up judicial resources.  Postponing litigation in this action until after forfeiture issues in the

criminal action were resolved was both in the interests of all parties and in the interests of justice. Accordingly, the history of this action does not call for dismissal for failure to prosecute.

The Second Circuit has established five factors for a district court to consider in determining whether to dismiss a complaint under Rule 41(b):

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*Jackson* v. *City of New York,* 22 F.3d 71, 74 (2d Cir.1994) (alterations in original). Not all of these factors need to be present for a court to dismiss. *Smalls* v. *Bank of New York*, Nos. 05 Civ. 8474(DC), 07 Civ. 8546 (DC), 2008 WL 1883998, at *4-5 (S.D.N.Y. Apr. 29, 2008).

In this case, none of the factors weigh in favor of dismissal for failure to prosecute. First, there has been no delay by the Government. In contrast to *Smalls*, where the Court had set a deadline and the plaintiff had failed to meet it, here there was no pending, court-imposed deadline. To the contrary the relevant pending deadline in this action was for claimants to file claims and the Court itself adjourned that deadline in the Consensual Restraining Order. Second, the Government received no notice that failure to take further action (presumably moving for default judgment) would result in dismissal. Third, there is no claimant in this action, so there is no prejudice to a claimant. The only

potential claimant at this point is Douglas F. Hoffman, who jointly requested entry of the Consensual Restraining Order that adjourned Hoffman's deadline for filing a claim.  Fourth, postponing the filing of a default judgment motion actually minimized the burden on Court resources by avoiding unnecessary litigation.  Fifth, there is no basis for any sanction in this action.  Moreover, the need for any such sanction is moot because the Government has voluntarily dismissed the action.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court not dismiss this action for failure to prosecute.

Dated:       White Plains, New York
             September 20, 2013

Respectfully submitted,

PREET BHARARA
United States Attorney

By:    /s  _____
       Jeffrey Alberts
       Assistant United States Attorney
       United States Attorney's Office,
       Southern District of New York
       300 Quarropas Street
       White Plains, New York
       (914) 993-1965